# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:07cr42 |
| | § | (Judge Schell) |
| ADAM RAY WATTS (34) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 16, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On December 18, 2007, Defendant was sentenced by the Honorable Richard A. Schell to sixty-five (65) months' custody followed by five (5) years of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Heroin. On September 16, 2010, Defendant completed his period of imprisonment and began service of his supervised term.

On September 11, 2012, the U.S. Probation Officer executed a Second Amended Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated several mandatory and standard conditions. Violation allegations one, two, five, seven, eight, and nine were dismissed by the Government. The petition also alleged violation of the following additional mandatory conditions: (1) the defendant shall not commit another federal, state, or local crime (Allegation Three and Four); and (2) the defendant shall refrain from any unlawful use of a controlled substance (Allegation Six). The petition alleged a violation of the following special condition: the defendant shall participate in a program of testing and treatment for drug abuse, under

the guidance and direction of the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer (Allegation 10).

The petition alleges that Defendant committed the following acts with regard to the remaining violations: (1) On February 18, 2012, Defendant was arrested by Dallas Police Department for the misdemeanor offense of Theft $50-$500 (Shoplifting). This criminal charge was assigned Cause Number MB 1252851-M. This charge was adjudicated in the Dallas County Criminal Court AP2, on February 27, 2012, as the Defendant received thirty (30) days time served; (2) On March 23, 2012, Defendant was arrested by Plano Police Department for the offense of Possession of Drug Paraphernalia, and received credit for time served on March 24, 2012; (3) Defendant submitted urine specimens on March 8, 2012, which tested positive for morphine (extended opiates), and on April 9, 2012, for methamphetamine; and (4) On April 20, 2012, April 23, 2012, May 4, 2012, May 11, 2012, May 15, 2012, and May 25, 2012, Defendant failed to report for drug testing as instructed at Bob Alterman's Office, Plano, Texas.

Prior to the Government putting on its case, Defendant entered a plea of true to the remaining violations.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with thirty-six (36) months of supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit. The Court further recommends the following conditions:

> Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring fine payments.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing.

Defendant and the Government also waived their right to file objections.

**SIGNED this 19th day of November, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE